**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**
COURT FILE NO.: CV - _____

| | |
|---|---|
| ROGER SLADE & <br> JUANITA MICHELLE SLADE <br><br> Plaintiff, <br> v. <br><br> G.L.A. COLLECTION COMPANY, INCORPORATED, INC. <br><br> & <br> REBECCA SCOTT, INDIVIDUALLY AND AS AN EMPLOYEE OF G.L.A. COLLECTION Company INCORPORATED <br><br> Defendant. | **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), *47 U.S.C. § 227 et seq.*, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; as well as other state law tort claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) since the acts occurred here, the Plaintiff resides here, and the Defendant transacts business here.

## PARTIES

4. The Plaintiff, Roger Slade (hereinafter "Plaintiff,"), is a natural person residing in the City of Cynthiana, County of Harrison, Commonwealth of Kentucky, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and is also a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. The Plaintiff, Juanita Slade (hereinafter "Plaintiff,"), is a natural person residing in the City of Cynthiana, County of Harrison, Commonwealth of Kentucky, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and is also a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

6. The Defendant, G. L. A. COLLECTION COMPANY, INCORPORATED. (hereinafter "GLA" or "Defendant"), is a for-profit corporation organized and existing under the laws of the Commonwealth of Kentucky, with its principal place of business located at 2630 Gleeson Lane, Louisville, Kentucky 40299, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).  MRS, in its regular course of business, collects or attempts to collect, debts alleged to be due another.

7. The Defendant, Rebecca Scott (hereinafter "Ms. Scott"), is employed by the Defendant GLA Collection Company Incorporated as a Collection Specialist, and is a debt collector as that term is defined by 15 U.S.C. §1692a(6).  Ms. Scott, in the regular course of her work collects or attempts to collect, debt alleged to be owed to the clients of Defendant GLA.

8. The agent for service of process for the Defendant is Michael L. Lynch 2630 Gleeson Lane Louisville, Kentucky 40299.

9. Rebecca Scott can be served at her place of employment, GLA, Collection Company Incorporated, with a street address of 2630 Gleeson Lane, Louisville, Kentucky 40299.

10. At all times herein, any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

11. Any and all references to "Defendant" or "GLA" herein shall include Defendant and/or an employee of the Defendant.

## FACTUAL ALLEGATIONS

12. The Plaintiff allegedly incurred and later allegedly defaulted on a debt to Harrison Memorial Hospital in Cynthiana, Kentucky

13. The subject debt(s) is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), as it allegedly arose out of a transaction in which money, services or property, were the subject of the transaction, were primarily for personal, family and/or household purposes.

14. Upon information and belief, Harrison Memorial Hospital employed the Defendant G. L. A. COLLECTION COMPANY, INCORPORATED in order to attempt to collect payment on the subject debt.

15. At www.glacompany.com/about.html the Defendant States, "GLA Collection Company was established in 1974 as a full service professional collection agency."

16. GLA is primarily engaged in the business of collecting debts that are referred to GLA by its clients.

17. GLA's primary business is the collection of debt on behalf of its clients. Accounts purchased or debts serviced are an ancillary function of GLA.

18. Beginning on March 15, 2017, the Defendant by and through its employees, began contacting the Plaintiff about allegedly defaulted accounts.

19. The parties had tentatively agreed to repayment terms. The employee of Defendant GLA who made the telephone call to Mr. Slade is believed to be Defendant Rebecca Scott.

20. Defendant Scott represented to Mr. Slade that he had liability to pay the debts of his wife.

21. Mr. Slade stated to the employee of the defendant that he knew nothing about those bills and that he did not believe he was responsible for their payment.

22. Defendant Scott repeated her claim that in Kentucky husbands have to pay the debts of their wife's debts.

23. Mr. Slade became very uneasy with this statement and the perceived "bait and switch" tactics of the Defendant's employee. He decided to end the call and evaluate the truth of the statement made by the GLA Employee.

24. The Defendant GLA directed its employees to make telephone calls to the Plaintiff on his cellular telephone on or about March 15, 2017, March 27, 2017, and April 21, 2017.

25. Mr. Slade then made a request for written verification of the alleged amounts being collected by GLA.

26. GLA then provided to the Slades written verification of the debts. The written verification included a list of accounts in the names both Plaintiffs and their two children.

27. The verified debt included Account #7343462 an account charged to Shelley Slade. This is an account that is not subject to collection as it was for services provided on or about April 30, 2011 and is barred by the Kentucky Statute of Limitations.

28. The verified debt includes Account #9120852 charged to Roger Slade. This is an account that is not subject to collection as it was for services provided on or about April 30, 2011 and is barred by the Kentucky Statute of Limitations.

29. That on or about, April 18, 2017, the undersigned counsel sent a letter of representation to the Defendant GLA and to Defendant Scott informing them of his legal representation of the Slades.

30. That on or about April 21, 2017, the Defendant GLA by and through its employee Defendant Scott made a telephone call to Roger Slade, on his cellular telephone after being informed that Mr. Slade was represented by counsel.

31. The representation of the character, amount, and nature of the subject debt by the Defendant was deceitful and fraudulent.

32. The Defendant also states on its web site, "Our management team has been trained in a vast array of courses and seminars. Every aspect of Managed Recovery Systems, Inc., has been designed to enhance and thoroughly change how consumers view the debt management industry.

## SUMMARY

33. All of the above-described collection communications made to Plaintiff by the Defendant and collection agents of the Defendant were made in direct violation of the FDCPA and TCPA.

34. The above-detailed conduct by this Defendant of harassing the Plaintiff in an effort to collect the subject debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the Plaintiff.

35. The abusive collection calls by Defendant and its agents caused Plaintiff stress and anguish as a result of these calls and demand for payment.

36. Defendant's repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

37. The Defendant should be enjoined from committing similar violations in the future.

38. As a result of Defendants repeated abusive and false threats and other unlawful conduct, the Plaintiff has suffered actual damages in the form of stress, anxiety, fear, upset, worry, nervousness, humiliation, embarrassment and otherwise suffered from extreme emotional distress, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## TRIAL BY JURY

39. The Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to:

    - Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§ 1692e(5));

- Using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt (§ 1692e);

- Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d); and

- Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

42. As a result of Defendant's violations as aforesaid, the Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish, nervousness, worry, fear, and emotional distress.

43. As a result of Defendant's violations as aforesaid, the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); actual and compensatory damages; and attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**COUNT II.**
**VIOLATIONS OF THE TELEPHONE COLLECTION PRACTICES ACT**
**47 U.S.C. § 227**

44. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The TCPA, 47 U.S.C. § 227, provides:

…(b) Restrictions on use of automated telephone equipment.
(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –

      (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;…

46. There is no exception or justification for the numerous violations of the TCPA by Defendant as Plaintiff has not consented to the Defendant or to any original creditor to use these against Plaintiff's cell phone or against Plaintiff's family members' cell phones.

47. Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant in the amount of at least $500.00 per call and Plaintiff requests that since the violations were made intentionally or recklessly made that the Defendant be assessed a statutory damage of $1,500.00 per call.  47 U.S.C. § 227(b)(3).

48. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that Defendant knew or should have known that its actions were in reckless disregard of the TCPA.

49. All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

## COUNT III.
## INTRUSION UPON SECLUSION

50. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

52. The Defendant intentionally caused harm to the Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting a debt.

53. The Plaintiff had a reasonable expectation of privacy of solitude, seclusion, and or private concerns or affairs.

54. The intrusion by Defendant occurred in ways that would be highly offensive to a reasonable person in that position.

55. As a result of such invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

  - for such other and further relief as may be just and proper.

### COUNT II.
### TELEPHONE COLLECTIONS PRACTICES ACT
### 47 U.S.C. § 227

- for an award of actual damages from Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent TCPA violations in an amount to be determined at trial for Plaintiff;

- for an award of statutory damages of $500.00 or $1,500.00 per call (both attempted and completed calls); and

- for such other and further relief as may be just and proper.

## COUNT III.
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages against Defendant for Plaintiff's emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial; and

- for such other and further relief as may be just and proper.

Done and filed this  21   day of August, 2017.

Respectfully Submitted,

BRIAN T. CANUPP, PSC

/s/ Brian T. Canupp
Brian T. Canupp,
322 Main Street
Paris, Kentucky 40361
859-988-9658
Brian@Canupplaw.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF KENTUCKY        )
                                             ) ss
COUNTY OF  Harrison      )

Roger Slade, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

/s/ Roger Slade
Roger Slade, PLAINTIFF

Subscribed and sworn to before me
this  21  day of  August , 2017.

/s/  Brian T. Canupp
Notary Public

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF KENTUCKY  )
                                 ) ss
COUNTY OF  Harrison  )

Juanita, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                              /s/ Juanita Slade
                                                              Juanita Slade, PLAINTIFF

Subscribed and sworn to before me
this  21  day of  August , 2017.

 /s/ Brian T. Canupp
Notary Public