UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| ROGER SLADE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Case No. |
| v. | ) | 17-CV-00343-JMH |
| | ) | |
| GLA COLLECTION CO., INC., *et* | ) | |
| *al.,* | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*

The Court has considered the Status Report [DE 12] filed by the parties, and, being otherwise sufficiently advised, **IT IS ORDERED** as follows:

1)   That all discovery disputes are hereby **REFERRED** to the magistrate judge assigned to this matter for appropriate resolution pursuant to 28 U.S.C. § 636(b)(1)(A).  No motions to compel, nor any other motions relating to a discovery dispute, shall be filed unless all counsel involved in such dispute have first conferred as directed by Fed. R. Civ. P. 37(a)(1), and said counsel have then conferred with the magistrate judge, by telephone conference call, and received his permission to file such motion, with such briefing thereupon as he or she shall direct by appropriate order.

2)   The Court encourages early and economic case resolution including, where appropriate, by mediation.  The

1

parties **SHALL** immediately assess any potential for agreed resolution of the case and should continue to make that assessment as litigation continues. The parties may, at any time, mediate through a private mediator or may request a settlement conference with a magistrate judge. If the parties request a settlement conference, they shall file a joint motion seeking that relief and confirming that all parties desire a settlement conference instead of private mediation. This matter is referred to the assigned magistrate judge to conduct any such settlement conference, if warranted by the parties' motion, the economics and particulars of the case, and the likelihood of an efficient resolution.

3) That all motions to amend pleadings or join additional parties shall be filed by the parties no later than **March 15, 2018**.

4) That the parties shall complete all fact discovery and opinion discovery by **June 1, 2018**, which means that a party using a form of discovery that allows a response time under the rules shall calculate and account for appropriate response time, within the discovery deadline, in serving that method of discovery.

5) That reports from opinion witnesses and the disclosure of the identity of opinion witnesses who may be used at trial pursuant to Rule 26(a)(2) shall be due from Plaintiff no later

than **February 1, 2018**, and from Defendants no later than **March 1, 2018.** Supplementation of reports shall be made as required by Rule 26(e).

6)   That all dispositive motions be filed on or before **July 1, 2018**.

7)   That all motions in limine, including those made pursuant to *Daubert v. Merrell Dow Pharm, Inc.*, 509 U.S. 579 (1993), be filed no later than **July 1, 2018.**

8)   Motion practice shall be governed by Local Rule 7.1 except as otherwise provided in this order;

(a)   Failure to respond to a motion shall be grounds for the Court to conclude that any arguments in opposition thereto have been waived.   *See Humphrey v. U.S. Attorney Gen. Office*, No. 07-3740, 2008 WL 2080512 (6th Cir. May 15, 2008).

(b)   Concise Statement of Facts.   In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Federal Rules of Civil Procedure shall be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial.   Each fact shall be set forth in a separate, numbered paragraph.   Each fact shall be supported by a specific citation to the record.

(c)  Response  to  Statement  of  Facts.   Any  party
opposing  the  motion  for  summary  judgment  must  respond  to
each  fact  set  forth  by  the  movant  by  either  (i)  agreeing
that  the  fact  is  undisputed;  (ii)  agreeing  that  the  fact  is
undisputed  for  the  purpose  of  ruling  on  the  motion  for
summary  judgment  only;  or  (iii)  demonstrating  that  the  fact
is  disputed.   A  response  to  a  statement  of  fact  may  state
that  the  material  cited  to  support  the  fact  is  not
admissible  in  evidence.   These  responses  shall  be  set  forth
in  numbered  paragraphs  corresponding  to  those  in  movant's
statement  of  material  facts.   Each  disputed  fact  must  be
supported  by  specific  citation  to  the  record.   Such
response  shall  be  filed  with  the  papers  in  opposition  to
the  motion  for  summary  judgment.   In  addition,  the  non-
movant's  response  may  contain  a  concise  statement  of  any
additional  facts  that  the  non-movant  contends  are  material
and  as  to  which  the  non-movant  contends  there  either  exists
or  does  not  exist  a  genuine  issue  to  be  tried.   Each  such
fact  shall  be  set  forth  in  a  separate  numbered  paragraph
with  specific  citations  to  the  record  supporting  the  fact
or  the  non-movant's  contention  that  the  fact  is  in  dispute.

(d)  Reply  Statement.   If  the  non-moving  party  has
asserted  additional  facts,  the  moving  party  shall  respond
to  these  additional  facts  by  filing  a  reply  statement  in

4

the same manner and form as specified in sections (b) and (c) above.   A reply may state that the material cited to support or dispute a fact is not admissible into evidence.

(e)   Definition of Record.   For the purposes of this order, the term "record" shall include deposition transcripts, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, answers to interrogatories, and other documents filed in support of or in opposition to the motion or documents otherwise in the Court file.   An affidavit or declaration used to support a motion, response, or reply must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(f)   Materials Not Cited.   The Court need consider only materials called to its attention, but it may consider other materials in the record to establish a genuine dispute of fact or to grant summary judgment if notice is given.

(g)   Failure to Respond.   Failure to make a response in compliance with sections (c) and (d) above, within the time periods provided by the Local Rules for motion practice, shall indicate that the asserted facts are not

disputed for the purposes of summary judgment. The Court may then grant summary judgment if the motion and supporting materials, including the facts considered undisputed, show that the movant is entitled to relief.

9) That the above-styled cause be, and the same hereby is, **REFERRED** to the magistrate judge for a pretrial conference at a date, place and time to be determined by him or her, but not later than at least one week prior to **September 17, 2018.**

10) That at least one week before the magistrate judge's pretrial conference, counsel shall:

(a) file a list of exhibits intended to be used at trial;

(b) **premark** and display to opposing counsel all exhibits intended to be used at trial. All objections to the authenticity of the exhibits shall be waived unless raised at the conference;

(c) file a witness list with a brief summary of the expected testimony of each witness;

(d) file a pretrial memorandum brief containing a succinct statement of the facts of the case, the questions of fact and the questions of law;

(e) file agreed proposed jury instructions. If the parties cannot agree, they shall file their proposed instructions with supporting authorities. An electronic

copy of all instructions shall be submitted directly to the undersigned's chambers, as an attachment to an email sent to jhoodmemos@kyed.uscourts.gov in a format compatible with Word or WordPerfect 11, if the same is available to counsel;

11) That the matter be, and the same hereby is, assigned for a final pretrial conference at the United States Courthouse, **LEXINGTON, KENTUCKY**, on **Monday, September 17, 2018**, at **11:30 a.m.**, subject to intervening orders of Court. At said conference, the parties shall be prepared to discuss a settlement of the matter.

12) That the above-styled cause be, and the same hereby is, assigned for trial by jury at the United States Courthouse, **LEXINGTON**, **KENTUCKY**, on **Tuesday, October 16, 2018,** at **9:00 a.m.**, subject to intervening orders of Court. The parties anticipate that the trial will last **two (2) days**.

This the 30th day of November, 2017.



**Signed By:**

**_Joseph M. Hood_**

**Senior U.S. District Judge**